UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR-MOORE |
| | ) | CASE NO. 99-6153(s)(s)(s)(s) |
| *Plaintiff,* | ) | |
| | ) | **DEFENDANT'S OBJECTIONS TO AND** |
| v. | ) | **APPEAL FROM MAGISTRATE JUDGE** |
| | ) | **TURNOFF'S REPORT AND RECOMMEN-** |
| FABIO OCHOA-VASQUEZ, *et al.,* | ) | **DATION PERTAINING TO HIS MOTION** |
| | ) | **TO SUPPRESS STATEMENTS** |
| *Defendants.* | ) | |
| | ) | |

The defendant, FABIO OCHOA-VASQUEZ, through undersigned counsel, pursuant to 28 U.S.C. § 636(b)(1) and Rule 4, respectfully objects to and appeals to this Court from the Report & Recommendation ("R&R") of Magistrate Judge William C. Turnoff, dated February 24, 2003 (DE 1165), recommending that the Court deny, without an evidentiary hearing, the Defendant's Motion to Suppress Statements Allegedly Made to Colombian Authorities (DE 1031). *See* **EXHIBIT A**. For the reasons set forth below, the Court should vacate Magistrate Judge Turnoff's R&R and convene an evidentiary hearing on Ochoa's motion to suppress.

*First,* Magistrate Judge Turnoff erred, as a matter of law, in basing his ruling on "Findings of Fact" that were made without an evidentiary hearing. The "findings" made by Magistrate Judge Turnoff omit the bulk of Ochoa's proffers, both in his motion and in oral argument on February 5, 2003, concerning the coercive circumstances surrounding Ochoa's interrogations in Colombia. *See, e.g.,* Transcript, February 5, 2003, at pp. 31-34. If Magistrate Turnoff believed, as he apparently did, that Ochoa's motion could be decided without an evidentiary hearing, the he was legally required to accept *all* of Ochoa's proffer and not selectively pick and choose which "facts" to use. For example, the "fact" that Ochoa had counsel present during the statements and the "fact" that he was warned about his rights under Colombian law, *see* R&R, at p. 3, should have been considered under the backdrop

of a police station surrounded by Colombian police ready to torture and kill Ochoa, if he did not confess.

Ignoring key portions of Ochoa's proffers, Magistrate Judge Turnoff found that Ochoa's statements "were voluntary." *See* R&R, at p. 4. No such "finding" could legitimately be made without an evidentiary hearing into the totality of the circumstances surrounding the statements. At one point in his R&R, Magistrate Judge Turnoff even criticizes Ochoa for "fail[ing] to provide any factual support" for his involuntariness claims. *See* R&R, at p. 4. The only reason no "factual support" was presented was because Magistrate Judge Turnoff refused to conduct an evidentiary hearing.

*Second*, Magistrate Judge Turnoff denied Ochoa an evidentiary hearing and relief based upon an erroneous construction of constitutional law. Magistrate Judge Turnoff ruled that, despite whatever coercion was employed by the police to induce Ochoa to confess, the Fifth Amendment was not violated because the police were agents of the country of Colombia, not the United States. *See* R&R, at pp. 2-3. Magistrate Judge Turnoff erred, as a matter of law, by not recognizing that the Fifth Amendment is a trial right that is violated when the statements are admitted into evidence, not when they are extracted from the suspect.

Although the Fifth Amendment privilege against self-incrimination has no extra-territorial application, *see Repper v. United States*, 286 F.3d 1223, 1229 (11th Cir. 2002), citing *United States v. Balsys*, 524 U.S. 666, 672 (1998), a non-resident alien, "presently inside the United States and subject to domestic criminal prosecution" does have a Fifth Amendment right to prevent the introduction into evidence at trial of involuntary statements. *United States v. Bin Laden*, 132 F. Supp. 2d 168, 182 (S.D.N.Y. 2001). This is so because, unlike the Fourth Amendment, a violation of the Fifth Amendment occurs at trial and not

2

Black, Srebnick, Kornspan & Stumpf
201 S. Biscayne Boulevard, Suite 1300 · Miami, Florida 33131 · Phone: 305-371-6421 · Fax: 305-358-2006 · www.RoyBlack.com

Scanned Image - 4:03CR10006 Document 24 page 3 Fri Mar 21 00:00:00 2003

when the information is initially obtained by law enforcement authorities. As Judge Sand explained in *Bin Laden*:

> To begin, it bears noting that the Government incorrectly frames the legal inquiry as one dependent on the extraterritorial application of the Fifth Amendment. Whether or not Fifth Amendment rights reach out to protect individuals while they are situated outside the United States is beside the point. This is because any violation of the privilege against self-incrimination occurs, not at the moment law enforcement officials coerce statements through custodial interrogation, but when a defendant's involuntary statements are actually used against him at an American criminal proceeding.

*Bin Laden*, 132 F. Supp. 2d at 181-182 (citations and footnote omitted).[1]

Although the government claimed during oral argument before Magistrate Judge Turnoff that *Bin Laden* was wrongly decided, the Solicitor General of the United States is currently endorsing a similar position. *See* Brief For the United States, *Chavez v. Martinez*, No. 01-1444 (U.S. September 5, 2002), *2001 U.S. Briefs LEXIS 1444*. According to the Solicitor General in *Chavez*:

> ... the Fifth Amendment is not violated until a compelled statement has been used "in [a] criminal case." As this Court has observed, "the privilege against self-incrimination guaranteed by the Fifth Amendment is a fundamental trial right of criminal defendants. Although conduct by law enforcement officials prior to trial my ultimately impair that right, a constitutional violation occurs only at trial."

*Id.* at *10, quoting *United States v. Verdugo-Urquidez*, 494 U.S. 259, 264 (1990).

The use of Ochoa's involuntary statements would, under the circumstances proffered here, also violate the Due Process Clause of the Fifth Amendment. *See Brown v. Mississippi*, 297 U.S. 278, 287 (1936). *See generally Lyons v. Oklahoma*, 322 U.S. 596,

---

[1] Judge Sand distinguished the Fourth Amendment case, *United States v. Verdugo-Urquidez*, 494 U.S. 259 (1990), on this basis. *Id.* at 182 & n. 10.

3

Black, Srebnick, Kornspan & Stumpf
201 S. Biscayne Boulevard, Suite 1300 • Miami, Florida 33131 • Phone: 305-371-6421 • Fax: 305-358-2006 • www.RoyBlack.com

Scanned Image - 4:03CR10006 Document 24 page 4 Fri Mar 21 00:00:00 2003

605 (1944) ("[a] coerced confession is offensive to basic standards of justice, not because the victim has a legal grievance against the police, but because declarations procured by torture are not premises from which a civilized forum will infer guilt").

*Third*, Magistrate Judge Turnoff's R&R is defective in that it fails to address Ochoa's separate statutory argument that the statements are inadmissible under 18 U.S.C. § 3501.

## CONCLUSION

For all of the foregoing reasons, the Court should vacate Magistrate Turnoff's R&R, dated February 24, 2003 (DE 1165), and convene a full *de novo* review of the motion, including an full evidentiary hearing.

Respectfully submitted,

**BLACK, SREBNICK,
KORNSPAN & STUMPF, P.A.**
201 S. Biscayne Boulevard
Suite 1300
Miami, Florida 33131
(305) 371-6421
Fax: (305) 358-2006

By: _____
**ROY BLACK, ESQ.**
Florida Bar No. 126088
Counsel for Fabio Ochoa Vasquez

4

Black, Srebnick, Kornspan & Stumpf
201 S. Biscayne Boulevard, Suite 1300 • Miami, Florida 33131 • Phone: 305-371-6421 • Fax: 305-358-2006 • www.RoyBlack.com

Scanned Image - 4:03CR10006 Document 24 page 5 Fri Mar 21 00:00:00 2003

## CERTIFICATE OF SERVICE

I CERTIFY that a true copy of this pleading was mailed on __3/5/03__ to the following counsel of record:

Edward Ryan, Esq.
Assistant United States Attorney
United States Attorney's Office
500 East Broward Boulevard, Suite 700
Ft. Lauderdale, Florida 33394
fx: (954) 356-7336

John Bergendahl, Esq.
701 Brickell Avenue
Suite 2080
Miami, FL 33131
(305) 536-2168
fx: (305) 536-2170
ATTORNEY FOR SERGIO PERDOMO

Richard Docobo, Esq.
1571 NW 13th Ct.
Miami, FL 33125
(305) 326-0330
fx: (305) 326-0219
ATTORNEY FOR JAIME CASTIBLANCO

Manuel Gonzalez, Jr., Esq.
782 N.W. 42 Ave.
Suite 440
Miami, FL 33126
(305) 567-0100
fx: (305) 445-0543
ATTORNEY FOR FREDDY IVAN OCHOA

Neal R. Lewis, Esq.
9130 South Dadeland Boulevard
Suite 1609
Miami, Florida 33156-7851
(305) 254-2285
fx: (305) 254-2288
ATTORNEY FOR CARLOS CARDENAS

Mauricio Aldazabal, Esq.
2655 LeJune Road
Suite 1001
Coral Gables, Florida 33134
(305) 569-9566
fx: (305) 444-7578
ATTORNEY FOR SANTIAGO VELEZ

Michael Matters, Esq.
2929 S.W. Third Avenue
Suite 410
Miami, Florida 33129
(305) 358-9222
fx: (305) 285-9110
ATTORNEY FOR LUIS CARLOS ZULUAGA
A/K/A EDWIN ARBELAEZ

By: _____
ROY BLACK, ESQ.

5

Scanned Image - 4:03CR10006 Document 24 page 5 Fri Mar 21 00:00:00 2003

# EXHIBIT A